**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

THOMAS MORAN, *et. al*,

                Plaintiffs,

- v -                                        Civ. No. 1:19-CV-960
                                                       (BKS/DJS)

UNITED STATES OF AMERICA, *et. al*,

                Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

THOMAS J. MORAN
Plaintiff *Pro Se*
Albany County Correctional Facility
840 Albany Shaker Road
Albany, New York 12211

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff Thomas Moran. Dkt. No. 1. Plaintiff has submitted other documents to supplement his allegations. *See*, *e.g.*, Dkt. Nos. 4 & 6. Plaintiff has not paid the filing fee. Rather than file a formal request to proceed *in forma pauperis* ("IFP") Plaintiff asks that the Court consider his IFP filings in another action, *Moran v. Lenahan*, 1:19-CV-808 (N.D.N.Y.), and apply apply them to this case. Dkt. No. 2. In that case, the Court granted the IFP application. *Moran v. Lenahan*, 1:19-CV-808, Dkt. No. 19. Based on the records provided there, the

Court concludes that a similar Order is appropriate here and grants Plaintiff leave to proceed IFP in this matter.

Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting his to proceed further with his action. Generally, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is

2

entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)). Rule 8 also provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1).

The Complaint in this case names as Defendants, *inter alia*, the United States, the current and four former Presidents of the United States, various federal agencies, and the estate of former Supreme Court Justice Antonin Scalia. *See generally* Compl. The Complaint is exceptionally difficult to understand and fails to meet the requirements

under FED. R. CIV. P. 8 for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff does not allege specific legal causes of action, tied to particular facts supporting those claims. As currently set forth the allegations fail to provide adequate notice regarding the legal claims Plaintiff seeks to assert against Defendants or the facts underlying those claims. It is unclear, for example, what legal right or rights of Plaintiff have been violated or how these Defendants, in particular, may have violated those rights. This failure warrants dismissal of the Complaint. *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (dismissal appropriate when Complaint "does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal.").

Courts recognize that dismissal of a complaint filed by a *pro se* litigant "without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated'" would be inappropriate. *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Here, Plaintiff may be able to cure the deficiencies in his pleading and so it is recommended that Plaintiff be granted leave to amend to do so.

Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, which shall supersede and

replace in its entirety the previous Complaint filed by Plaintiff, must clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph and should state with specificity the legal claim for relief and the basis for damages. Plaintiff is referred to FED. R. CIV. P. 8 and 10 as to the proper form for his pleadings.

Finally, Plaintiff is advised that while he may proceed *pro se* in this matter on behalf of his own interests it is well-settled that a person who has not been admitted to practice law may not represent anyone other than himself. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007); *see also* 28 U.S.C. § 1654. Thus, Plaintiff may not proceed on behalf of another named as a Plaintiff in this action and any new complaint filed should be on his own behalf only.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's request to proceed *in forma pauperis*, Dkt. No. 2, is **GRANTED**; and it is

**RECOMMENDED**, that this action be *sua sponte* dismissed, but that Plaintiff be granted leave to replead his Complaint; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 1, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).