**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

THOMAS J. MORAN, et al.,

                                   Plaintiffs,                    1:19-cv-00960 (BKS/DJS)

v.

UNITED STATES OF AMERICA, et al.,

                                   Defendants.

_____

**Appearances:**

_Plaintiff pro se_
Thomas J. Moran
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

**Hon. Brenda K. Sannes, United States District Judge:**

## DECISION AND ORDER

Plaintiff Thomas J. Moran commenced this action on August 6, 2019, and sought leave to proceed _in forma pauperis_ ("IFP"). (Dkt. Nos. 1, 2). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on October 1, 2019, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending that Plaintiff's complaint be dismissed with leave to replead. (Dkt. No. 7). The Report-Recommendation stated that Plaintiff had fourteen days within which to file written objections to the report under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (_Id._ at 6). The Report-Recommendation was sent to Plaintiff's last known address, but returned to the Court marked "Returned to Sender, No Longer Incarcerated at Facility." (Dkt. No. 8).

Local Rule 10.1(c)(2) states, in relevant part: "All . . . pro se litigants must immediately notify the Court of any change of address. Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the address shall apply." N.D.N.Y. L.R. 10.1(c)(2); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."). "For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the Court informed of address changes." *Hill v. Donelli*, No. 05-cv-1245, 2008 WL 4663364, at *1, 2008 U.S. Dist. LEXIS 110595, at *3 (Oct. 20, 2008). In *Dansby v. Albany County Correctional Staff*, the court observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

No. 95-cv-1525, 1996 WL 172699, at *1, 1996 U.S. Dist. LEXIS 4782, at *2 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (citations omitted).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See, e.g.*, *Benitez v. Taylor*, No. 13-cv-1404, 2014 WL 7151607, at *3, 2014 U.S. Dist. LEXIS 173327, at *6 (N.D.N.Y. Aug. 7, 2014) (recommending dismissal of the complaint for failure to prosecute under L.R. 10.1(c)(2) and Fed. R. Civ. P. 41(b), explaining that "[s]ince there is no way to contact or locate Benitez, the imposition of a lesser sanction[] would be futile"), *report and recommendation adopted*, 2014 WL 7151607, 2014 U.S. Dist. LEXIS 172553 (N.D.N.Y. Dec. 15, 2014); *Rosa v. Keiser*, No. 10-

cv-1313, 2012 WL 2178961, at *1, 2012 U.S. Dist. LEXIS 82528, at *3 (N.D.N.Y. May 14, 2012) (recommending dismissal of former inmate's action for failure to notify the Court of current address), *report and recommendation adopted*, 2012 WL 2178933, 2012 U.S. Dist. LEXIS 81886 (N.D.N.Y. June 13, 2012).

The Court will, however, provide Plaintiff an additional fourteen days to notify the Court of his current address and file objections, if any, to the Report-Recommendation.

Accordingly, it is

**ORDERED** that Plaintiff is granted fourteen (14) days from the date of this Decision and Order to file his current address and objections, if any, to the Report-Recommendation; and it is further

**ORDERED** that if Plaintiff fails to comply with this Decision and Order, the Court will consider the Report-Recommendation unopposed and review for clear error only. *See Glaspie v. N.Y.C. Dep't of Corr.*, No. 10-cv-188, 2010 WL 4967844, at *1, 2010 U.S. Dist. LEXIS 131629, at *2–3 (S.D.N.Y. Nov. 30, 2010) (explaining that when no objections to a report-recommendation are made, "the Court may adopt [it] if 'there is no clear error on the face of the record'") (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)); and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the Plaintiff.

**IT IS SO ORDERED.**

Dated: December 23, 2019
      Syracuse, New York

Brenda K. Sannes
U.S. District Judge